## Case No. 3,036.

### The COLUMBIA.

### [13 Blatchf. 521.] [1]

Circuit Court, E. D. New York.  Aug. 16, 1876.

COLLISION—LACHES—SUBORDINATION OF CLAIM.

A collision between a schooner and a steamer occurred in July, 1868, whereby the schooner and her cargo sank and were totally lost. The steamer carried the master and crew of the schooner to New York. The libel was verified in July, 1870, but was not filed until February, 1873. In January, 1872, a mortgage on the steamer and three other vessels was executed, payable two years after date. It did not appear that any part of it had been paid. No excuse was shown for the delay in bringing the suit: Held, that the collision claim must, on account of its staleness, be postponed to the mortgage.

[Cited in Fitzgerald v. The H. A. Richmond, Case No. 4,839; The Bristol, 11 Fed. 163; The Martino Cilento, 22 Fed. 861.]

In admiralty.

Beebe, Wilcox & Hobbs, for libellants.
John J. Allen, for mortgagee.
Tracy & Catlin, for vessel.

HUNT, Circuit Justice. On the night of July 2d, 1868, the steamship Columbia ran into and sank the schooner Tabitha S. Greer, the said schooner with her cargo, and all the property on board, becoming an immediate and total loss. Said loss occurred without the fault of those on board of the schooner, but by the fault and negligence of those in charge of the steamship, to wit, in going at the speed of eight miles an hour in a dense fog, and in not hearing the fog-horn which

was kept constantly sounded by the schooner. The libel was filed on the 4th of February, 1873. It purports to have been verified on the 15th of July, 1870. No reason is shown why it was not filed at an earlier day. On the 20th of January, 1872, the owners of the Columbia executed a mortgage for $250,-000 upon that and three other vessels, to Myers and others, which mortgage was, on the 22d of the same month, assigned to the respondent Butterfield, and is now held by him. The mortgage was payable in two years from its date, and there is no evidence that any part of the same has been paid. At the time of the collision, the Columbia was on her way to New York, and she immediately proceeded to that port and landed the captain of the Greer and his crew at the quarantine near New York. The schooner was on her way from a port on the North river to the Delaware capes.

The libel was dismissed by the district court on the ground that the claim made by it was stale. The collision occurred on the 2d of July, 1868. The libel was not filed until February 4th, 1873, nearly five years after the accident. There is no reason shown, in the evidence, for this delay, and no proof is given of the reason for the lapse of nearly three years between the time of verifying the libel and the time of filing it. The steamer was in New York immediately afterwards, as was the master of the schooner. The schooner sailed from Stony Point, North river, where, or near by, we may well suppose that her owners lived. There is no evidence that the steamer was not repeatedly and regularly in New York on her return trips, and the documents showing the transactions in New York and New Jersey afford ground to suppose that those interested in her lived in one or both of those states. These circumstances, unexplained, show an unwarranted delay in the proceedings to enforce the lien against the steamer arising out of the collision. In the mean time, before the libel was filed, the mortgage for $250,000 was put upon four vessels, of which the Columbia was one, and was assigned to Butterfield. So far as we know, this debt exists to its full amount, and it must take precedence of the collision lien. If this debt has been collected from other sources, or if it should be collected from the other vessels in preference to the Columbia, it rests upon the party so alleging to produce the evidence and to take the proper measures to adjust his equities. The present case does not present any evidence on the subject. All we here know is, that, as to Butterfield, the claim is stale, and must be postponed to his mortgage. Griswold v. The Nevada [Case No. 5,839]; The Dubuque [Case No. 4,110]; The Key City, 14 Wall. [81 U. S.] 653.

As to the owners of the vessel, no defence of staleness is set up by them, nor do I see any reason why the claim should not be enforced as to them. They defend upon the

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

merits only. The merits are against them, and, as to them, the claim is a good one, and should be allowed. The decree of the district court is affirmed, subject to the modifications above set forth. Let a decree be entered accordingly.